UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEGHAN DOWNING, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MARY SCHMIDT CAMPBELL; MEGAN B. CHERNIN; JAMES CUNO; BRUCE W. DUNLEVIE; DREW G. FAUST; MARIA HUMMER-TUTTLE; PAMELA J. JOYNER; DAVID L. LEE; ROBERT W. LOVELACE; THELMA MELENDEZ DE SANTA ANA; KAVITA SINGH; RONALD P. SPOGLI; JOHN STUDZINSKI; ANNE M. SWEENEY, as trustees on behalf of THE J. PAUL GETTY TRUST; and DOES 1 to 10, inclusive,<br><br>Defendants. | Case No. 2:21-cv-03127-JAK (JPR)<br><br>**ORDER RE JOINT STIPULATION FOR DISMISSAL OF ENTIRE ACTION WITH PREJUDICE PURSUANT TO F.R.C.P. RULE 41(a)(1)(A)(II) (DKT. 11)**<br><br>**JS-6** |

Based on a review of the Joint Stipulation for Dismissal of Entire Action with Prejudice Pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure (the "Stipulation" (Dkt. 11)), sufficient good cause has been shown for the requested relief. Therefore, the Stipulation is **APPROVED**, and it is **ORDERED** that:

1. The above-entitled action is dismissed in its entirety with prejudice.
2. This Court shall retain jurisdiction over the parties and the action until May 27, 2023 for the sole purpose of enforcement of the parties' obligations under Section 2(C) of the parties' Confidential Settlement Agreement and Release of Claims, which reads as follows:

    Within two (2) years of the Effective Date, Defendant shall use good faith efforts to cause those portions of the Website that are covered by Title III of the ADA to be in a condition or state that allows individuals with disabilities based on a visual impairment within the meaning of the ADA who use screen-reader software and web browsers to gain the same information and engage in the same transactions with an ease of use substantially equivalent to that of a sighted person using the Website without screen-reader software ("**ADA Compliant**"). The Parties agree that "ADA Compliant" shall include being in substantial conformance with WCAG 2.0 Level AA or WCAG 2.1, but that substantial conformance with WCAG 2.0, Level AA or WCAG 2.1 is neither the test for ADA Compliance nor the sole method of achieving ADA Compliance. The Parties further agree that Defendant can link to, or be linked from, Third-Party Content (as defined below) and Defendant shall not be responsible or liable for the state of its accessibility to individuals with disabilities. (The term "**Third-Party Content**" refers to websites or web content that are not developed, owned, or operated by the Released Parties as defined below.) The Parties further agree that ADA Compliant shall include substantial conformance with any standard or opinion later established or recognized by the United States Supreme Court, any U.S. Circuit Court of Appeals or the U.S. Department of Justice. If Defendant's ability to meet the deadline for compliance with this **Section 2(C)** is delayed by third-party vendors, acts of God, force majeure or other reasons that are outside of Defendant's control, the Parties' respective counsel shall meet and confer regarding an extended deadline. If the Parties cannot reach an agreement regarding an extended deadline after such meet-and-confer efforts, either Party will have the right to seek judicial relief.

3. Each party shall bear her or its own costs, expert fees, and attorney's expenses.

**IT IS SO ORDERED.**

Dated: July 16, 2021

John A. Kronstadt
United States District Judge